UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAMALA OLTMANN-MALONE,<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 3:16-cv-05902 RSL JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>NOTING DATE: JULY 14, 2017 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed. *See* Dkt.  11, 15, 16.

After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence. Although the ALJ appeared to conclude that the opinion from an examining physician was inconsistent with plaintiff's activities of daily living, none of the activities noted by the ALJ are inconsistent with the physician's opinion. The ALJ did not explain further why the physician's opinion was rejected.

Defendant offered post hoc rationale, attempting to explain the ALJ's decision, but Ninth Circuit authority requires that the reasoning for the decision must be within the ALJ's decision itself.

For the reasons stated and based on the record as a whole, the Court concludes that this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

## BACKGROUND

Plaintiff, PAMALA OLTMANN-MALONE, was born in 1962 and was 50 years old on the alleged date of disability onset of December 20, 2012 (*see* AR. 168-74). Plaintiff has a high school education. AR. 23.   Plaintiff has work experience as a service station/food mart night supervisor, assistant manager and casher. AR. 205-16.  She was terminated from her last employment when her employer learned that she has hepatitis C. AR. 70.

According to the ALJ, plaintiff has at least the severe impairments of "status post methamphetamine-induced CVA, angina, hepatitis C, and history of methamphetamine and heroin abuse (20 CFR 416.920(c))." AR. 20.

At the time of the hearing, plaintiff was living in a trailer with a friend and their four dogs.  AR. 39, 45.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 75, 85. Plaintiff's requested hearing was held before

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 2

1  Administrative Law Judge Paul G. Robeck ("the ALJ") on January 23, 2015.  *See* AR.
2  35-74. On February 27, 2015, the ALJ issued a written decision in which the ALJ
3  concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 15-
4  33.
5      On August 30, 2016, the Appeals Council denied plaintiff's request for review,
6  making the written decision by the ALJ the final agency decision subject to judicial
7  review. AR. 1-6. *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court
8  seeking judicial review of the ALJ's written decision in October, 2016.  *See* Dkt. 1, 3.
9  Defendant filed the sealed administrative record regarding this matter ("AR.") on
10 December 27, 2016. *See* Dkt. 9.
11     In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether the
12 ALJ erred in finding that plaintiff engaged in substantial gainful activity since December
13 1, 2012; (2) Whether the ALJ erred in rejecting the opinion of consultative examiner Dr.
14 Leinenbach; (3) Whether the ALJ erred in failing to account for plaintiff's moderate
15 limitation in concentration, persistence and pace when formulating her residual functional
16 capacity ("RFC"); and (4) Whether the ALJ erred in discounting plaintiff's allegations.
17 *See* Dkt. 11, p. 2.

                            STANDARD OF REVIEW

        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's
denial of social security benefits if the ALJ's findings are based on legal error or not
supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether the ALJ erred in finding that plaintiff engaged in substantial gainful activity since December 1, 2012**.

At step one of the sequential disability evaluation, the ALJ found that plaintiff "has engaged in substantial gainful activity since December 1, 2012." AR. 20. In doing so, the ALJ noted that plaintiff performs odd jobs "60 to 90 minutes a day, earning $5-$10 a day," and in the two years previous to the ALJ's decision, plaintiff indicated that "she has earned a maximum of $120 a month performing this type of work [and] works 8 to 10 hours a week during the summer," and also collects cans. *Id*.

Plaintiff contends that the ALJ erred when finding that plaintiff has engaged in substantial gainful activity since December 1, 2012, arguing that "in no way does [plaintiff's] performance of odd jobs compare to full-time work of unimpaired people taking into account the time, energy, skill, and responsibility involved her work." Dkt. 11, p. 3. Defendant first argues that plaintiff forfeits her challenge to the ALJ's step one determination because she did not support her argument with relevant and controlling legal authority; however, defendant neglects to explain how plaintiff's citation to Ninth Circuit case law is not citation to relevant controlling legal authority. *See* Dkt. 11, p. 3 (quoting *Gatliff v. Comm'r Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999)). Defendant also argues that even if the ALJ did err at step one, any error is harmless as the

ALJ made findings in the alternative regarding the remaining steps of the sequential evaluation procedure. This latter argument is persuasive.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).  Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)).

The ALJ essentially made an alternative finding that plaintiff did not engage in substantial gainful activity, and continued on to step two of the evaluation process. Because the ALJ, in the alternative, completed the remainder of the sequential disability evaluation process, the Court concludes that the ALJ's error in one of the alternative findings at step one is harmless as it did not affect plaintiff's "substantial rights." *See id.*

//

//

(2) **Whether the ALJ erred in rejecting the opinion of consultative examiner Dr. Derek Leinenbach, M.D**.

Plaintiff contends that the ALJ erred by failing to give full weight to the contradicted opinion of the examining physician, Dr. Derek Leinenbach, M.D. *See* Dkt. 11, pp. 4-8.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2).

Dr. Leinenbach examined plaintiff in May 2013 and provided various opinions regarding her functional abilities and limitations. AR. 295-300. For example, he opined that plaintiff "can likely lift/carry a maximum of 10 pounds occasionally and frequently limited by prior CVA with left upper and lower extremity weakness as well of angina." AR. 299. He also opined that plaintiff "can likely stand/walk for total of 2 to 6 hours in an eight hour day limited by the issues described above." AR. 290.

The ALJ provided the following rationale for failing to credit fully the opinions of Dr. Leinenbach:

> I do not give this opinion full weight because the record as a whole supports an ability to perform light work. For example, the claimant can walk one mile without stopping. She commutes by walking. She travels door to door asking people if she can pull weeds for money. She walks her dogs. She mows the lawn and garden seasonally. She performs household chores, prepares meals, washes dishes, and shops in stores.

1
2
3
>   Dr. Leinenbach noted she walked into the examination room without
>   assistance and sat comfortably. She took both shoes off and put them
>   back on without assistance. She could get on and off the examination
>   table without assistance. She can lift 10 to 15 pounds comfortably and 20
>   to 25 pounds with difficulty.

4  AR. 27.

5
6  It is clear from the ALJ's decision that the ALJ finds that Dr. Leinenbach's opinion
7  is inconsistent with the finding by the ALJ that plaintiff can perform light work,
8  specifically, first, with respect to walking abilities and activities. *See id.; see also* 1983
9  SSR LEXIS 30 at *14 (light work "requires standing or walking, off and on, for a total of
10 approximately 6 hours of an 8-hour workday"). However, the ALJ did not specify a
11 single one of Dr. Leinenbach's opinions that are inconsistent with the noted activities, or
12 explain any inconsistency. An ALJ cannot simply state in a conclusory fashion that a
13 doctor's opinion is inconsistent with objective factors in the record as a whole, "even
14 when the objective factors are listed seriatim." *Embrey v. Bowen*, 849 F.2d 418, 421-22
15 (9th 1988). Instead, the "ALJ must do more than offer his conclusions: He must set forth
16 his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

17 The ALJ appears to find that Dr. Leinenbach's opinion regarding plaintiff's ability
18 to walk is inconsistent with plaintiff's ability to walk for one mile without stopping; to
19 walk for her commuting; to walk her dogs; to walk door-to-door talking to people; to
20 mow the lawn and garden; to perform household chores; and walk into the examination
21 room without assistance. *See* AR. 27. However, Dr. Leinenbach opined that plaintiff "can
22
23 likely stand/walk for total of 2 to 6 hours in an eight hour day . . . ." AR. 298. None of
24

the abilities demonstrated by plaintiff, such as walking a mile without stopping, are inconsistent with an ability to walk for a total of 2 to 6 hours in an eight hour day.

The Court concludes that the ALJ's finding that Dr. Leinenbach's opinion regarding plaintiff's limitations is inconsistent with the record as a whole is not based on substantial evidence in the record as a whole, and, also is not sufficiently specific, as the ALJ did not explain any inconsistency.

Defendant contends that the ALJ's finding that plaintiff could engage in light work, and hence could stand for "approximately 6 hours of the day," is "not inconsistent with" the opinion from Dr. Leinenbach that plaintiff "can likely stand/walk for total of 2 to 6 hours in an eight hour day . . . ." *See* Dkt. 15, p. 12; *see also* 1983 SSR LEXIS 30 at \*14; AR. 22, 298. Therefore, defendant does not defend the ALJ's apparent finding that Dr. Leinenbach's opinion regarding walking is inconsistent with the record as a whole regarding plaintiff's walking abilities, just discussed by the Court. Instead, defendant argues that the "only part of Dr. Leinenbach's opinion that is inconsistent with the ALJ's residual functional capacity finding that plaintiff can perform light work, is the doctor's limitation of plaintiff to lifting and carrying a maximum of 10 pounds occasionally and frequently." *Id*.

The ALJ rejected Dr. Leinenbach's opinion that plaintiff can carry a maximum of 10 pounds occasionally with a finding that it is not supported by the record as a whole, noting specifically that plaintiff "can lift 10 to 15 pounds comfortably and 20 to 25 pounds with difficulty." AR. 27; *see also* AR. 299. In doing so, the ALJ appears to be relying on the report from plaintiff, in which she indicated that she "can only lift 10-15

pounds comfortably (20-25 if I push it for a short time)." AR. 202. This report by plaintiff that she can lift 20 at 25 pounds for a short period of time if she "pushes" it, is not inconsistent with Dr. Leinenbach's opinion that plaintiff can carry a maximum of 10 pounds occasionally. Dr. Leinenbach was providing an opinion regarding what plaintiff can do in regular full-time employment throughout a 40 hour work week. "Occasionally" is a term of art in Social Security, and means engaging in a particular work activity up to one third of the workday. *See* Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, U.S. Dept. of Labor, Employment and Training Administration, 1993, Appendix C, at C-3 (p. 613), available at http://www.nosscr.org/sco/sco.pdf, last visited June 14, 2017. Plaintiff's indication that she can lift 20-25 pounds for a short period of time if she pushes it does not demonstrate that she can do so for one third of a workday on a full time basis, as found by the ALJ. The ALJ did not explain how this indication from plaintiff justifies rejection of the examining physician's opinion that plaintiff can lift a maximum of 10 pounds occasionally and does not justify the ALJ's finding that plaintiff could lift 20 pounds up to a third of every workday. *See id.* at ID-2 (p. 620) (light work requires the ability to lift 20 pounds occasionally, *i.e.*, up to a third of every workday); *see also* AR. 22 (the ALJ found that plaintiff could perform light work).

  Defendant offers additional rationale not relied on by the ALJ, and offers another suggestion as to what part of the record the ALJ might have been thinking about when failing to credit fully the opinion of Dr. Leinenbach, however, this is not reasoning offered by the ALJ. According to the Ninth Circuit, "[l]ong-standing principles of

administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp, supra*, 332 U.S. at 196). It is not reasonable for this Court to presume that the ALJ was relying on the opinion of a nonexamining physician to reject the opinion of an examining physician when the ALJ did not even mention the opinion from the nonexamining physician when rejecting the examining physician's opinion, and an examining physician's opinion generally is "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you").

The Court also concludes that this error is not harmless. If the opinions of Dr. Leinenbach are credited fully, plaintiff likely is disabled. *See, e.g.*, Dkt. 11, p. 8 (citations omitted). Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

However, the Court also concludes that this matter should be reversed and remanded for further administrative proceedings, not with a direction to award benefits. In large part, this case comes down to conflicting medical opinions. Even though the ALJ

did not offer in his written decision the specific rationale argued by defendant in support of the ALJ's RFC, defendant's arguments demonstrate that potentially persuasive arguments could have been made by the ALJ to resolve the conflicting medical opinions in support of the ALJ's RFC. *See, e.g*., Dkt. 11, pp. 4-8. The ALJ is responsible for evaluating a claimant's testimony and resolving ambiguities and conflicts in the medical evidence, not the District Court.  *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)). Therefore, based on the conflicting medical opinions, as well as the ALJ's discussion regarding plaintiff's testimony, the Court concludes that it is not clear that plaintiff actually is disabled. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (remand with a direction to award benefits is inappropriate if "the record as a whole creates serious doubt as to [if] the claimant is, in fact, disabled within the meaning of the Social Security Act").

**(3)   Whether the ALJ erred in failing to account for plaintiff's moderate limitation in concentration, persistence and pace in formulating her residual functional capacity.**

Plaintiff's argument that the ALJ erred by finding that plaintiff suffered from moderate limitation with respect to concentration, persistence or pace (AR. 22) yet failing to include this limitation in plaintiff's RFC (AR. 22) is somewhat persuasive. *See* Dkt.

1  11, pp. 8-9; *see also Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. App'x 211, 212 (9th

2  Cir. 2009) (the "hypothetical question to the vocational expert should have included not

3  only the limitation to 'simple, repetitive work,' but also Brink's moderate limitations in

4  concentration, persistence, or pace"); *Lubin v. Comm'r. Soc. Sec.,* 507 Fed. App'x. 709,

5  712 (9th. Cir. 2013) (unpublished opinion) (memorandum opinion) ("Although the ALJ

6  found that Lubin suffered moderate difficulties in maintaining concentration, persistence,

7  or pace, the ALJ erred by not including this limitation in the residual functional capacity

8  determination or in the hypothetical question to the vocational expert"). However, the

9  Court already has concluded the ALJ erred when evaluating the medical evidence, *see*

10  *supra*, section 2. The persuasiveness of this argument by plaintiff regarding moderate

11  limitations further buttresses the conclusion by this Court that the medical evidence

12  requires further examination and elucidation.

13  

14  **(4)    Whether the ALJ erred in discounting plaintiff's testimony**.

15  The Court already has concluded that the ALJ erred in reviewing the medical

16  evidence and that this matter should be reversed and remanded for further consideration,

17  *see supra*, sections 2 and 3. In addition, the evaluation of a claimant's statements

18  regarding limitations relies in part on the assessment of the medical evidence. *See* 20

19  C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony

20  and statements should be assessed anew following remand of this matter.

21  

22  //

23  

24

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 14, 2017**, as noted in the caption.

Dated this 21st day of June, 2017.

J. Richard Creatura
United States Magistrate Judge